UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OLHA NOHA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:25-cv-01993 (UNA) |
| | ) |
| ALLSTATE INSURANCE CO., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff, who has submitted at least 17 mostly cryptic complaints in this Court in less than four months, has filed a *pro se* Complaint ("Compl."), ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, in the instant matter. Upon review, the Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, a resident of Maryland, sues Allstate Insurance Company and several of its officers. *See* Compl. at 1–2, 4. The Complaint is vague and spare. Plaintiff sets forth a single statement, "murder!," and demands $50 million in damages. *Id*. at 4. No other facts or information is provided, except for a subsequent Notice, ECF No. 4, vaguely referencing a peace order filed in Maryland state court, and a Motion to Amend, ECF No. 6, seeking to add an individual ostensibly associated with that peace order as a defendant in this matter.

*Pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Federal Rule 8(a) of requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, as presented, neither the Court nor the Defendants can reasonably be expected to identify Plaintiff's intended claims, nor has Plaintiff established this Court's subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

For these reasons, this case is dismissed without prejudice. Plaintiff's other pending Motions, ECF No. 3, 5, 7, are denied as moot. A separate Order accompanies this Memorandum Opinion.

Date:   August 5, 2025                               _____/s/_____
                                                     JIA M. COBB
                                                     United States District Judge